EASTERN DIST.
*May*, 1838.

WALLACE ET AL.
*vs.*
BEAUCHAMP
ET AL.
added to the value of the land and movables, and the amounts due to the children by former marriages, are deducted. There is not, therefore, a definite price of the slaves fixed by the contract, and which the future husband was bound to pay; without such price there can be no sale.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

WALLACE, LAMBETH & POPE *vs.* BEAUCHAMP ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF EAST FELICIANA, THE LATE JUDGE THEREOF PRESIDING.

Where the conclusions of the jury rest on matters of fact, and the testimony is not so opposed to the verdict as to require a change, the judgment of the court below will be affirmed.

The plaintiffs instituted this suit in March, 1834, against Daniel S. Beauchamp, Timothy Dunn, and Beverly Dunn, as joint makers and obligors of a promissory note, for three thousand dollars, dated the 25th February, 1833, payable twelve months after date to the order of Wallace, Lambeth & Pope, and which was duly protested at maturity for non-payment. The plaintiffs pray judgment against said defendants *in solido*, for the amount of the note sued on, with interest and costs. The signature was that of D. S. Beauchamp & Co., as affixed to the note.

The defendants averred, that this note together with another, were not given for any valuable consideration, but merely to secure the plaintiffs for acceptances, which they agreed to make for the house of D. S. Beauchamp & Co., in East Feliciana ; that the plaintiffs in their account with D. S. Beauchamp & Co., of their acceptances and remittances

EASTERN DIST.
*May*, 1838.

WALLACE ET AL.
*vs.*
BEAUCHAMP
ET AL.

made to them, claim a balance of six thousand five hundred and twenty-six dollars, against said firm, on the 15th October, 1833.

The defendants aver, that in making up this account, the plaintiffs improperly transferred a balance of account against John Bostwick, of one thousand eight hundred and thirty-five dollars, and since then they have been paid seven hundred and fifty dollars, which is not credited, but if both these sums were deducted, there would remain a balance against Beauchamp & Co., of only three thousand nine hundred and forty-one dollars, and this at most is all the latter firm can owe them ; that the plaintiffs have sued on this and another note of the same amount, which were only given as collateral security, bearing exorbitant interest, and have not given any credits for remittances and improper charges, in their account current.

The defendants pray that the plaintiffs be ruled to answer interrogatories, and that a full and fair settlement be had between the plaintiffs and the firm of Beauchamp & Co., and judgment be only rendered for such sum as may be actually due.

They propounded the following interrogatories : 1st. "Had you any authority to transfer the account of J. Bostwick to that of Beauchamp & Co., except on the condition that you should give up Ratliff's note, endorsed by W. C. Whittaker, held by you as collateral security on Bostwick's account ?"

2d. "Was not the order respecting said transfer, contained or inclosed in a letter to Mr. Lanymere ? Did you not see the said letter, and did it not contain the said condition ?"

W. M. Lambeth, one of the plaintiffs, being sworn, answers and says : "to the first interrogatory, that there was no such condition attached to the order ; and if there had been, they would not have acceded to it ; that the order was simply one to transfer the account, which was done."

2d Interrogatory. "That deponent does not recollect how the order came into the plaintiff's possession. He recollects that a request was made, he thinks through Mr. Lanymere,

EASTERN DIST. to give up Mr. Ratliff's note, endorsed by W. C. Whittaker,
May, 1838. which was declined by the plaintiff, until the account had
—————— been settled."
WALLACE ET AL.
vs. The defendants excepted to these answers as insufficient.
BEAUCHAMP
ET AL. 1st. Only one of the plaintiffs has answered, when the
answers of all were required.

2d. The answers are vague, indefinite and not categorical,
wherefore, they pray that the plaintiffs be ordered to make
full and explicit answers.

The court decided, that so far as Lambeth, one of the
plaintiffs, was concerned, his answers were sufficiently full
and explicit. But the defendants excepted that the answers
of one of the plaintiffs, were not and could not be received
as the answers of all of them, which was sustained by the
court, and the plaintiffs' counsel took his bill of exceptions.

On the trial, the defendant offered John Bostwick as a
witness. The plaintiffs objected, on the ground that he was
indirectly interested in the event of the suit, because he was
a partner in the house of D. S. Beauchamp & Co. He
stated on his *voire dire*, that the firm was since dissolved, and
a final settlement between himself and Beauchamp, the
defendant. But it was answered he is still responsible to the
two Dunns, the other defendants, for whatever amount they
might have to pay for D. S. Beauchamp & Co. The court
overruled the objection, and the plaintiffs' counsel excepted.

It appeared that Bostwick owed the plaintiffs a private
account of one thousand eight hundred and thirty-five dol-
lars, which they transferred to the firm of Beauchamp & Co.,
after Bostwick became a member of it; but this account
existed before the execution of the note sued on.

Upon these pleadings, and the issues arising thereon, the
cause was submitted to the jury, with a mass of testimony
respecting the state of the accounts between the two firms ;
and after examination and explanations of counsel, the jury
returned a verdict in favor of the plaintiffs, for the amount
of the note sued on, and interest, after deducting one thou-
sand eight hundred and thirty-five dollars, the amount of
Bostwick's account, and seven hundred and fifty dollars

EASTERN DIST.
May, 1838.

WALLACE ET AL.
vs.
BEAUCHAMP
ET AL.

for payments made. The plaintiffs appealed after an unsuccessful attempt to obtain a new trial.

*Downs* and *Jones*, for the plaintiffs, contended, that the judgment was erroneous, and should be reversed. Bostwick was an incompetent witness, and his testimony ought not to have been received, because he was directly interested, the note sued on being signed by D. S. Beauchamp & Co., and the witness was himself alone the other partner.

2. Bostwick's private account should not have been deducted, because the written order for the transfer of it to the firm, contains no condition, and no evidence ought to have been admitted to vary the contract, or of what was said at the time. *Louisiana Code*, 2257, 2841.

3. The answers of Lambeth clearly prove, that no condition was annexed to the transfer of Bostwick's account to the firm of D. S. Beauchamp & Co., and could not be repelled by Bostwick's testimony:

1st. Because he was a partner, and an incompetent witness.

2d. The sum in contest being above five hundred dollars, the testimony of one witness was insufficient.

3d. It requires the testimony of two witnesses to contradict the answers to interrogatories.

*Lawson* and *Andrews*, for the defendants.

1. The answer of Lambeth, one of the plaintiffs, to interrogatories, were clearly evasive and insufficient, and should not have been received, but ought to have been rejected. 2 *Martin, N. S.*, 52.   3 *Ibid.*, 152.   7 *Ibid.*, 529.

2. The jury were perfectly correct, in rejecting the private account of John Bostwick from the plaintiffs' demand, because it was wrongfully transferred; and because the plaintiff held Ratliff's notes, endorsed by Whittaker as collateral security for the payment of this private account.

3. The testimony of Bostwick was properly admitted, as he is no party to this suit, and his evidence relates to a transaction and account, which arose long before the note sued on ; he was, therefore, a competent witness.

EASTERN DIST.
May, 1838.

WALLACE ET AL.
vs.
BEAUCHAMP
ET AL.

*Matthews,* * *J.*, delivered the opinion of the court.

This suit is brought on a promissory note, made *in solido*, by Beauchamp & Co. and Timothy Dunn and Beverly Dunn.

The cause was submitted to a jury, who found for the plaintiffs a sum much less than was claimed by them, and judgment being rendered in pursuance of the verdict, they appealed.

The defence set up in the answer, rests on allegations that the note in question, although absolute in its form, as a contract *in solido*, was really given to secure the plaintiffs for advances of money and other things which they had agreed to make to Beauchamp & Co., and that the Dunns were in truth only bound as sureties for their co-obligors. These allegations appear to be supported by the evidence, and the cause was tried on items of charges made by the plaintiffs against the company. Amongst these charges is one of eighteen hundred dollars, which appears to have been transferred from the individual account of one Bostwick, which they had against him, before he entered into partnership with Beauchamp. Whether they had a right to make this transfer, so as to bind the promisers and their sureties, the evidence of the case seems doubtful. From the whole testimony taken together, the jury may have fairly concluded that the plaintiffs were not properly authorized to make this charge in their account. The verdict shows, that it was deducted, and also some payments proven to have been made by the principals in the obligation. The conclusions of the jury rests on matters of fact, and the testimony in our opinion, is not so opposed to the verdict as to require any change in the judgment of the court below.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Where the conclusions of the jury rest on matters of fact, and the testimony is not so opposed to the verdict as to require a change, the judgment of the court below will be affirmed.*

---

* This opinion was given in June, 1836, and a rehearing granted.